IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04CR3128 |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| MARK R. SCHNEIDER, | ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

Defendant has filed an amended motion requesting release to live with his father as third-party custodian. Filing 89. I previously granted defendant's motion to have the pretrial services officer investigate the proposal and report to the court. The report has been received. It recommends denial of the request for release because defendant's guilty plea has now been accepted[1] and he is no longer eligible for release[2], and also because his co-

---

[1] Defendant's guilty plea was accepted by memorandum and order of Judge Kopf on January 19, 2006. Filing 92.

[2]   18 U.S.C. §3143(a)(2) states:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—-
>   (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
>   (ii)an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; *and*
>   (B) the judicial officer finds by

defendant and brother, Corey Schneider, who had the same plea agreement as this defendant, is living at the residence, although he is reportedly due to self surrender for service of his sentence on March 1, 2006.  The government has not responded to the motion.

Defendant has previously been evaluated for substance abuse treatment and received recommendations for both inpatient and outpatient treatment.  Neither has been available to him because he has been detained.  Defendant also has suffered from mental difficulties since he received a head injury.

I think there are extenuating circumstances in this case which justify granting the defendant a period of release.  His father is seriously ill with a shortened life expectancy.  He wants to have his head wounds checked medically before he serves his sentence.  In addition, his brother is in the same situation, that is, disqualified for release under 18 U.S.C. §3143(a)(2), and yet he is released.  If the pretrial services officer can assist defendant in getting admitted to an intensive outpatient treatment program, and so long as he abides by his conditions of release, I believe he does not present a risk of flight or a danger to the community.  However, if he uses alcohol or drugs or drops out of the treatment program or in any other way fails to abide by each of the conditions of release *to the letter*, he will be back in jail.

IT THEREFORE HEREBY IS ORDERED,

1. The amended motion for release, filing 89, is granted.  The

---

> clear and convincing evidence that
> the person is not likely to flee or
> pose a danger to any other person
> or the community.

18 U.S.C. §3143(a)(2) (Emphasis added).

2

United States Marshal shall release the defendant to the custody of his father as third party custodian, at such time as he is notified that defendant has been admitted to an intensive outpatient treatment program in Lincoln, Nebraska, and the required electronic monitoring equipment has been installed at the home of the third-party custodian.

    2.  A separate order setting conditions will be entered at such time as the defendant and his father have both signed it promising to abide by the conditions therein, and defendant's attorney has also certified that she has advised defendant of his conditions and the possible penalties if he fails to abide by his conditions.  Counsel may obtain the order at my chambers and obtain the appropriate signatures.

    DATED February 17, 2006

                      BY THE COURT

                        s/ *David L. Piester*
                      United States Magistrate Judge